IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

    Plaintiff,

v.                                  Case No. 1:15-cr-136-MLB

James Henry Banks,

    Defendant.

_____/

**OPINION & ORDER**

James Henry Banks moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 71.) The government opposes his motion. (Dkt. 79.) The Court denies the requested relief.

**I.    Background**

On April 23, 2015, a grand jury returned a three-count indictment against Banks, charging him with (1) carjacking, in violation of 18 U.S.C. § 2119, (2) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Dkt. 9.) Banks pleaded guilty to Counts One and Two on July 29, 2015. (Dkt. 25.) He was sentenced to

46 months on Count One and 84 months on Count Two, to be served consecutively. (Dkt. 36.) He did not file a direct appeal.

On August 8, 2016, Banks moved to vacate his sentence, which the Court denied. (Dkts. 44; 46.) Banks filed a notice of appeal, and the Eleventh Circuit affirmed the Court's denial. (Dkts. 49; 61.) Banks filed a second motion to vacate his conviction, which the Court denied on April 5, 2021. (Dkts. 63; 69.) On April 16, 2021, he filed the instant motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 71.) His projected release date is June 30, 2024. (Dkt. 71-3 at 1.)

## II. Discussion

Before evaluating the merits of Banks' motion, the Court first determines whether Banks properly filed his motion.

### A. Exhaustion

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Before the enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), compassionate release was available only if the Bureau of Prisons ("BOP") filed a motion requesting it. *See* 18 U.S.C. § 3582 (as effective

Nov. 2, 2002 to Dec. 20, 2018). Now, however, the First Step Act enables a defendant to file a motion for compassionate release directly with the sentencing court, provided he has (a) fully exhausted all administrative remedies to appeal the BOP's refusal to bring a motion, or (b) 30 days have elapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Haynes*, 456 F. Supp. 3d 496, 506 (E.D.N.Y. 2020) ("[U]nder the amended statute, a prisoner may bring the motion himself, provided the statutory exhaustion or lapse-of-thirty-day requirement is satisfied."). Banks has twice petitioned the BOP for compassionate release. (*See* Dkts. 79-1; 79-2.) The BOP denied his first request in May 2020, reasoning that his general concerns about exposure to COVID-19 did not meet the type of circumstances that present an extraordinary and compelling reason for a sentence reduction. (Dkt. 79-1.) The BOP denied his second request, which was based on his claim of being an elderly inmate "suffering serious deterioration in physical and mental health related to the aging process" and being "at high risk for exposure to COVID-19," in October 2020. (Dkt. 79-2.) The BOP medical staff determined that Banks did not meet the criteria of an inmate "suffering

3

from chronic or serious medical conditions or experiencing deteriorating mental or physical health substantially diminish[ing his] ability to function." (*Id.*) The BOP also noted that his "conditions are controlled through medication" and that he is "capable of performing activities of daily living . . . without assistance" and of "carrying out self-care." (*Id.*) Banks may bring his motion directly to this Court.

### B.   Merits

#### 1.   Legal Framework

When the exhaustion requirement is satisfied, the compassionate release provision authorizes a court to modify a term of imprisonment after considering the factors set forth in § 3553(a), if it finds that "extraordinary and compelling circumstances" warrant a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in § 1B1.13 and the accompanying Application Notes. That statement provides that a court may reduce a term of imprisonment

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

4

> (1)(A) [e]xtraordinary and compelling reasons warrant the reduction; . . . .
>
> (2) [t]he defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and
>
> (3) [t]he reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The Application Notes list three circumstances that qualify as extraordinary and compelling: (1) a medical condition, (2) advanced age, and (3) family circumstances. *Id.* n.1(A)–(C). The Application Notes also contain a catchall clause, entitled "Other Reasons," whereby the Director of the BOP may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D). Despite the Sentencing Commission not having updated § 1B1.13 since the passage of the First Step Act, which expanded access to compassionate release by allowing defendants to file their own motions, the Eleventh Circuit recently held that the policy statement found in § 1B1.13 applies to motions filed by defendants. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Courts, therefore, may not substitute their discretion for that of the Director of the BOP in

determining what constitutes "other reasons" that might justify a reduction in a defendant's sentence. *Id.* Banks bears the burden of establishing that compassionate release is warranted. *See United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### 2. Extraordinary and Compelling

Banks argues that "extraordinary and compelling reasons" exist to justify a reduction in his sentence. (Dkt. 77 at 1.) He states that his age, current medical and mental health issues, and the threat that COVID-19 poses to his life while incarcerated entitle him to a sentence reduction. (*Id.* at 1–4.) The government argues Banks has not carried his burden to show extraordinary and compelling reasons exist. (Dkt. 79 at 5.) The Court agrees with the government.

Banks argues he has qualifying medical conditions entitling him to a sentence reduction. (Dkt. 71 at 3–4.) For a medical condition to qualify as an extraordinary and compelling reason for a sentence reduction, the defendant must show that his condition "substantially diminishes" his ability "to provide self-care" in prison and that he "is not expected to recover" from the condition. *See* § 1B1.13 n.1(A). Banks claims his

mental health is deteriorating because he suffers from dementia and the first stages of Alzheimer's disease. (Dkt. 71 at 3.) But Banks did not provide any evidence that he is suffering from these conditions, and the government represents to the Court that there is no documentation in his medical records that he is suffering from these conditions. (Dkts. 71; 79 at 7.) Banks also says he is "not in good health by anybody's standard at [his] age" because of unidentified "symptoms" he experiences on the right side of his face and his right arm, hand, and shoulder. (Dkt. 71 at 4.) He does not explain how these symptoms impact his health or ability to function. Overall, Banks failed to show why any of his medical conditions justify a sentence reduction.

Banks argues the threat that COVID-19 poses to his life while incarcerated entitles him to a sentence reduction. (*Id.* at 3.) While the Court is sympathetic to Banks' concerns, "[t]he mere existence of the COVID-19 pandemic 'cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" *United States v. Jenkins*, No. 1:08-CR-0209-CC-JSA-1, 2021 WL 1311044, at *3 (N.D. Ga. Apr. 8, 2021) (quoting *United States v. Raia,* 954 F.3d 594, 597 (3d Cir.

7

2020)); *see also United States v. Poulnott*, 510 F. Supp. 3d 1337, 1342 n.2 (N.D. Ga. 2020) ("The COVID-19 pandemic does not, standing alone, create an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A)." (citation omitted)).  The Court "cannot release every prisoner at risk of contracting COVID-19 because it would then be obligated to release every prisoner," and "COVID-19 is not a get-out-of-jail-free card for every incarcerated person." *United States v. Burton*, No. 12-20908-CR-ALTONAGA, 2020 WL 4518098, at *5 (S.D. Fla. July 23, 2020) (citations omitted).  Instead, extraordinary and compelling reasons for compassionate release exist in the context of COVID-19 "when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *Jenkins*, 2021 WL 1311044, at *3 (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)).  Banks failed to make such a showing because he did not explain how his medical conditions lead to a heightened risk of contracting COVID-19.  *See United States v. Eagan*, No. 1:18-cr-00282-MHC-JFK, Doc. [35] at 10 (N.D. Ga. June 22, 2020) (explaining it is not enough that an inmate's "medical conditions theoretically exacerbate the likelihood of contracting COVID-19"); *United*

8

*States v. Freeman*, No. CR 406-336, 2020 WL 2449345, at *2 (S.D. Ga. May 12, 2020) ("[G]eneralized concern[s] about possible exposure is at this point too speculative to qualify as extraordinary and compelling."). Moreover, the Court rejects Banks' assertion that there have been "many deaths of older inmates" at FCI Williamsburg because of COVID-19 (Dkt. 71 at 3), as records show only three inmates (out of 1,473) at FCI Williamsburg have died because of COVID-19. (Dkt. 79 at 5 n.1.)

The Court also notes that, despite his concerns, Banks has refused to get the COVID-19 vaccine. (Dkt. 71 at 3.) Many courts have held vaccine refusal against defendants moving for compassionate release. *See, e.g.*, *United States v. Swindler*, No. 7:18-cr-00768-DCC-1, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021) ("Although the Court respects both Mr. Swindler's concerns about side effects and his right to refuse vaccination, it cannot ignore the inconsistency of petitioning for compassionate release based on the risk of contracting COVID-19 while simultaneously refusing a highly effective medical intervention to reduce that risk."); *United States v. Greenlaw*, No. 1:18-cr-00098-JAW-06, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021) ("To reward [the defendant] for his vaccination refusal would create a perverse incentive for defendants

like [him] to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [the defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). This Court agrees. Banks made a choice to increase his risk of contracting COVID-19 and of having a more serious illness from the infection. He has the right to do so but cannot now seriously argue his choice also entitles him to release from imprisonment. To hold otherwise would indeed create a "perverse incentive."

Lastly, Banks argues his age is an extraordinary and compelling circumstance entitling him to a sentence reduction.[1]  (Dkt. 71 at 3.)

---

[1] To the extent Banks is arguing that his age combined with the possibility of contracting COVID-19 constitute extraordinary and compelling circumstances, the Court disagrees. *See United States v. Cantone*, No. 18-CR-60329-RKA, 2021 WL 494343, at *5 (S.D. Fla. Feb. 10, 2021) ("[O]ld age alone is not a sufficient ground for compassionate release, even when coupled with the possibility of contracting COVID-19."); *United States v. Haney*, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020) ("[I]f [the defendant's] age alone were a sufficient factor to grant

Under Application Note 1(B), extraordinary and compelling reasons exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." § 1B1.13 n.1(B).  Banks is 67 years old (Dkts. 71 at 2; 71-3 at 1), so the first element is satisfied.  The second element, however, is not met.  Banks claims he is "suffering and experiencing serious medical and mental health issues because of the aging process."  (Dkt. 71 at 2.)   Reciting the Application Note's legal standard is not sufficient.  As noted above, Banks says he is suffering from dementia and the first stages of Alzheimer's disease, but he did not provide any evidence to support that allegation, and the government represented to the Court that there is no documentation in his medical records that he is suffering from either condition.  He also failed to explain how the undisclosed "symptoms" he experiences on the right side

---

compassionate release [in the light of COVID-19], it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release and that would arguably have a devastating effect on a national community that is now itself so under stress.").

11

of his face and his right arm, hand, and shoulder impact his health or ability to function. Banks thus did not meet his burden on the second element of Application Note 1(B).

### 3. Other Statutory Factors

Recall that § 3582(c)(1)(A)(i) has three requirements: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, --- F.4th ----, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021) (per curiam). There are no extraordinary and compelling reasons here. So one would think that ends our inquiry. But things have recently become a bit more complicated in our Circuit.

In May 2021, the Eleventh Circuit held that "an order granting or denying compassionate release, in light of the record, must indicate that the court considered the applicable [§ 3553(a)] factors." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (internal quotation marks omitted). That is, "a district court abuses its discretion when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable statutory factors." *Id.*; *see id.* at 1185 ("[W]hen considering a motion under § 3582(c)(1)(A)(i), [a district court] must ensure that the record

reflects that it considered the applicable § 3553(a) factors." (internal quotation marks omitted)). Some unpublished Eleventh Circuit opinions have interpreted *Cook* to mean district courts must consider the § 3553(a) factors even if no extraordinary and compelling reasons exist. *See, e.g.*, *United States v. Adams*, --- F. App'x ----, 2021 WL 4227704, at *2 (11th Cir. Sept. 16, 2021) (per curiam) ("[T]he district court was required to consider all applicable § 3553(a) factors in addition to determining whether Adams had offered extraordinary and compelling reasons . . . ."); *United States v. Romeu*, 855 F. App'x 648, 649 (11th Cir. 2021) (per curiam) ("[*Cook*] means that, in addition to considering whether the movant has shown extraordinary and compelling reasons, the district court must also consider all applicable § 3553(a) factors." (internal quotation marks omitted)). Indeed, *the government* has repeatedly asked the Eleventh Circuit to summarily reverse the district court for denying a compassionate release motion without addressing the § 3553(a) factors, even when the district court expressly concluded there were no extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *Adams*, 2021 WL 4227704, at *1; *Romeu*, 855 F. App'x at 649. And the

13

Eleventh Circuit has *granted* at least some of those requests. *See, e.g.*, *Adams*, 2021 WL 4227704, at *3; *Romeu,* 855 F. App'x at 650.

On the other hand, the Eleventh Circuit recently held in a published decision that "§ 3582(c)(1)(A)'s plain text" includes three requirements: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *Tinker*, 2021 WL 4434621, at *2. And "[b]ecause all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* That is, where "at least one of the compassionate-release conditions [is] not satisfied, it cannot—as either a syntactical or logical matter—[be] error for the district court to skip assessment of another condition." *Id.*; *see id.* at *3 ("[A] district court can assume that a defendant satisfies one necessary condition to relief . . . before denying the defendant's motion based on the failure of another necessary condition . . . . [S]kipping over a necessary condition in the § 3582(c)(1)(A) context isn't per se reversible."). The court did not say expressly whether a district court must consider the § 3553(a) factors if extraordinary and compelling circumstances do not exist (because that was not the issue before the court). But, in noting *Cook's* command to

14

"consider[] all applicable § 3553(a) factors," the court did stress *Cook* was "an appeal where the government acknowledged that a movant had demonstrated extraordinary and compelling reasons." *Id.* at *5. This suggests district courts need only consider the § 3553(a) factors if extraordinary and compelling reasons are present.

At least one unpublished decision by the Eleventh Circuit supports that view. In *United States v. Pearson*, --- F. App'x ----, 2021 WL 3701919 (11th Cir. Aug. 20, 2021) (per curiam), the district court denied a motion for compassionate release because the defendant failed to establish extraordinary and compelling reasons for a sentence reduction. *Id.* at *1. The district court expressly declined to consider the § 3553(a) factors or the defendant's dangerousness. *Id.* The defendant appealed, and the government moved for summary reversal on the ground that the district court failed to consider the § 3553(a) factors in violation of *Cook*. *Id.* The Eleventh Circuit "den[ied] the government's motion for summary *reversal* and instead, acting sua sponte, summarily *affirm[ed]* the district court's order." *Id.* at *2. The court said *Cook* did not control because, in that case, "the government had conceded that the prisoner's medical conditions were 'extraordinary and compelling circumstances' that made

15

him eligible for relief, and the district court's order was ambiguous as to [why] the motion was being denied." *Id.* By contrast, the district court in *Pearson* had "clearly" held defendant "did not present an extraordinary and compelling reason for a sentence reduction," which is what the government had argued as well. *Id.* "In these circumstances, remanding for the court to consider the § 3553(a) factors . . . would be unnecessary because the court lacked the discretion to grant or deny a reduction without an extraordinary and compelling reason to do so." *Id.* at *3. The court said explicitly that it did "not read *Cook* to require a remand for consideration of the § 3553(a) factors where only a prisoner's [extraordinary and compelling reason] is at issue." *Id.*; *see United States v. Signore*, --- F. App'x ----, 2021 WL 2551290, at *2 (11th Cir. June 22, 2021) (per curiam).[2]

---

[2] *See also United States v. De Leon*, --- F. App'x ----, 2021 WL 3478372, at *3 n.3 (11th Cir. Aug. 9, 2021) (per curiam) ("Because the district court lacked the authority to reduce De Leon's sentence [since there were no extraordinary and compelling reason] and *did not reach the § 3553(a) factors*, we have no occasion to address those factors." (emphasis added)); *United States v. Pierce*, --- F. App'x ----, 2021 WL 2878828, at *3 n.2 (11th Cir. July 9, 2021) (per curiam) ("Because the court lacked authority to reduce Defendant's sentence [since there was no extraordinary and compelling reason for release], we have no occasion to address whether the court adequately addressed the 18 U.S.C. § 3553(a) factors.").

16

This Court believes that, under the plain language of § 3582 and the current caselaw in this Circuit, a district court need not consider the § 3553(a) factors or defendant's dangerousness (or anything else) if there is no extraordinary and compelling reason for a sentence reduction. That is, a motion for compassionate release fails if there is no extraordinary and compelling reason for release. Period. But, even if the Court is wrong about that, it would still deny Banks' motion based on the factors set forth in § 3553(a) and his dangerousness to the community. The nature of Banks' crimes was very dangerous. He approached a victim in the victim's driveway, brandished a weapon, and demanded that the victim take him inside the victim's home. (Dkt. 51 ¶ 11.) The victim gave Banks the keys to his vehicle in an effort to avoid going inside the home, where the victim's two-year-old child was located. (*Id.*) Banks took the victim's wallet and vehicle. (*Id.*) The Court agrees with the government's assessment that "Banks' willingness to threaten an innocent victim with a firearm in order to steal a vehicle because [he] was, by his own admission, tired of walking, shows [his] general disregard for the law[]." (Dkts. 51 ¶ 14; 79 at 11.) Additionally, at the time he committed the instant offense, Banks was on parole. (Dkt. 51 ¶ 37.) He has a history of

violent criminal behavior, including armed robberies and burglaries. (*Id.* ¶¶ 33–35.) Previous periods of incarceration ranging from 11 to 13 years have been insufficient to deter him from committing additional crimes. (*Id.*) There is a need to protect the community from further violent crimes by Banks. After assessing Banks' dangerousness and reviewing the § 3553(a) factors in the light of the parties' current arguments (*See* Dkts. 71; 79 at 10–13),[3] the Court denies Banks' motion. He remains dangerous and his sentence remains appropriate.

## III. Conclusion

The Court **DENIES** Banks' motion for compassionate release (Dkt. 71).

**SO ORDERED** this 7th day of October, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[3] *See Tinker*, 2021 WL 4434621, at *5 ("In situations where consideration of the § 3553(a) factors is mandatory, district courts needn't address each of the § 3553(a) factors or all of the mitigating evidence. Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient.").